JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Samantha Pawlucy, a minor, by and through her parents, Richard and Kristine Pawlucy

## DEFENDANTS
The School District of Philadelphia and Lynette Gaymon, individually and in her official capacity

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Walter Zimolong, Esquire and Christopher A. Lins, Esquire
1515 Market Street, Suite 1360, Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 1983
Brief description of cause:
Violation of First Amendment Rights, Defamation and False Light

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   12/20/12
SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Samantha Pawlucy, a minor, by and through
her parents, Richard and Kristine Pawlucy

v.

The School District of Philadelphia and
Lynette Gaymon,

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

12/20/12                WALTER S. Zimolong                         
**Date**                **Attorney-at-law**         **Attorney for** PLAINTIFF

215-665-0842            215-689-3404                wally@sigzim.com
**Telephone**           **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3640 E. Thomas Street, Philadelphia, PA  19134

Address of Defendant: 1450 W. Olney Avenue, Philadelphia, PA  19141

Place of Accident, Incident or Transaction: Charles Carroll High School
2700 E. Auburn Street, Philadelphia, PA  19134
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Civil Rights - 1st Amendment

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Walter S. Zimolong, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 12/20/2012     Walter S. Zimolong     89151
                     Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/20/12     _____     89151
                   Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA PAWLUCY, a minor, by and through her parents, **RICHARD PAWLUCY AND KRISTINE PAWLUCY** <br> Plaintiffs, <br> v. <br> **THE SCHOOL DISTRICT OF PHILADELPHIA** and **LYNETTE GAYMON**, individually and in her official capacity <br> Defendants. | : <br> : <br> : Civil Action No. <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## **COMPLAINT**

### Introduction

This is a First Amendment free-speech case brought on behalf of a high-school student, Samantha Pawlucy, who was ordered to leave a classroom and was otherwise subject to ridicule for wearing a "Romney-Ryan" t-shirt, which promoted the candidacy of 2012 Republican Presidential candidate Mitt Romney and his running mate, Congressman Paul Ryan.

Despite being protected core-political speech that did not cause a substantial and material disruption, the School District of Philadelphia effectively banned Samantha Pawlucy from expressing her constitutionally protected First Amendment right to free speech because it ordered Samantha Pawlucy to leave the classroom; permitted fellow students to threaten her verbally and physically, and by otherwise subjected Samantha Pawlucy to emotional distress simply because she exercised her First Amendment rights.

Samantha Pawlucy seeks permanent injunctive relief to vindicate her First-Amendment right to wear a Romney-Ryan t-shirt without fear of retribution, compensatory damages, attorneys fees and costs.

## Parties, Jurisdiction, and Venue

1. Plaintiff, Samantha Pawlucy ("Samantha") is a sixteen year-old 10th grade student formerly at Charles Carroll High School (the "High School") in Philadelphia, Pennsylvania. Pawlucy lives with her family in Philadelphia and is represented by her father and mother, Richard and Kristine Pawlucy.

2. Defendant, the School District of Philadelphia (the "School District"), is a political subdivision of the Commonwealth of Pennsylvania with offices located at 1450 West Olney Avenue, Philadelphia, PA 19141.

3. Lynette Gaymon ("Gaymon") is a geometry teacher at the High School and an employee of the School District. Gaymon lives in Philadelphia. As a teacher, Gaymon possesses full and final authority to dictate student behavior in her classroom and, at all relevant times, acted in a supervisory capacity over the students in her classroom, including Samantha. This suit is brought against her in her individual and official capacities.

4. This action seeks damages for rights protected by the First and Fourteenth Amendments to the United States Constitution and is brought under 42 U.S.C. § 1983.

5. This Court has jurisdiction pursuant to 28 U.S.C §§ 1331(a) and 1343(1), (3), and (4).

6. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial portion of the events or omissions giving rise to the action occurred within this judicial district and the School District and Gaymon are subject to personal jurisdiction in this judicial district.

2

## Facts

7. On Friday, September, 28, 2012, the High School held a uniform free "dress down" day whereby students were permitted to wear t-shirts, in lieu of collared shirts required by the High School's uniform policy.

8. That day Samantha wore a pink "Romney-Ryan" t-shirt to the High School which bore the official campaign logo of 2012 Republican Presidential candidate Mitt Romney and his running mate, Congressman Paul Ryan (the "Romney-Ryan T-Shirt").

9. Beneath the official logo of the Romney-Ryan campaign, the text read "America's Comeback Team – MittRomney.com"

10. When Pawlucy entered her geometry class, Gaymon, the geometry class teacher, confronted her and told her to "get out of the classroom" because of the Romney-Ryan T-Shirt Samantha was wearing.

11. Gaymon told Samantha and the other students in the class that wearing the Romney-Ryan T-Shirt was like wearing a "KKK shirt" and that the High School was a "Democratic" school, which implied that the High School only supported and tolerated speech favorable to the Democratic party and Democratic political candidates.

12. When Samantha refused to leave the classroom, Gaymon then called in a non-teaching assistant who demanded that Samantha, a female and a minor, remove the Romney-Ryan T-Shirt in front of the classroom of approximately 20 students.

13. When Samantha refused to remove the Romney-Ryan T-Shirt, the non-teaching assistant, who is also a School District employee, attempted to draw a large "X" through the "Romney-Ryan" logo with a large red marker.

14. Samantha had to physically stop this non-teaching assistant from drawing the large X through the logo.

15. Samantha's parents reported Gaymon's actions to the High School principal, Joyce Hoag.

16. When Samantha returned to class on Monday, October 1, 2012, Gaymon continued to ridicule Samantha because she had exercised her constitutionally protected First Amendment right by wearing the Romney-Ryan T-Shirt to her classroom.

17. In fact, Gaymon told the students in the geometry class that she could not be a fun teacher anymore because a student got her in trouble.

18. Afterward, Samantha was verbally harassed and threatened with physical violence by fellow students at the High School because she exercised her constitutionally protected First Amendment right.

19. The School District admits that Samantha was exercising her constitutionally protected First-Amendment right to free speech by wearing the Romney-Ryan T-Shirt to the High School on the dress down day.

20. At no time was there any disruption of class or school operations because of Samantha's actions.

21. In fact, Samantha wore the Romney-Ryan T-Shirt at the High School the entire day without incident, until she entered Gaymon's geometry class, which was her next to the last scheduled class period of the day.

22. Any disruptions were caused by Gaymon and other School District employees.

23. At no time did Samantha make any inappropriate, rude, or insulting remarks to anyone.

24. Because of the incident and the repeated threats of violence, Samantha feared for her safety in returning to the High School.

25. Samantha has suffered embarrassment, emotional distress, and mental anguish.

26. The School District's refusal or inability to assure Samantha's safety and to permit her to be continually embarrassed, ridiculed, and subject to emotional distress chills speech that is protected by the First Amendment.

27. Gaymon's punishment of Samantha amounts to retaliation for constitutionally protected activity.

28. As a result of the lack of safety and the embarrassment, emotional distress, and mental anguish the School District caused, Samantha was unable to return to the High School.

## COUNT I
## Violation of First Amendment Rights

29. Samantha incorporates by reference the preceding paragraphs in the complaint.

30. The School District's *de facto* prohibition on students wearing t-shirts advocating the candidacy of Mitt Romney for President and his running mate Paul Ryan for Vice President or Republican candidates for office violated Samantha's free speech rights under the First Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment, and 42 U.S.C. § 1983 because there is no reason to believe that the t-shirts or expression of the viewpoints of Mitt Romney; Paul Ryan or viewpoints held by the Republican Party in general will cause a material and substantial disruption to the school day or otherwise fall into one of the narrow categories of student speech that can be regulated by the School District.

31. Gaymon's actions toward Pawlucy were an unconstitutional retaliation against Samantha for protected speech, and, therefore violates Samantha's rights under the First

5

Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment, and 42 U.S.C. § 1983.

32. Gaymon was acting in her official capacity when she told Samantha to leave the classroom, to remove the Romney-Ryan T-Shirt, subjected her to verbal harassment, accused her of racism, and stated that the School District only tolerated viewpoints favorable or supportive of the Democratic party.

WHEREFORE, Samantha Pawlucy, through her parents, Richard and Kristine Pawlucy, respectfully requests that this Court award judgment in her favor and against Defendants as follows:

(a) Declare that the School District's *de facto* ban on Romney Ryan t-shirts violates Samantha Pawlucy's rights under the First and Fourteenth Amendments to the United States Constitution;

(b) Declare that the Gaymon's actions towards Samantha Pawlucy for wearing the Romney Ryan T-Shirt violated Samantha Pawlucy's rights under the First and Fourteenth Amendments to the United State Constitution;

(c) Enjoin Defendants from any continuing punishment or sanction against Samantha Pawlucy on account of her constitutionally protected speech;

(d) Award Samantha Pawlucy compensatory damages;

(e) Award Samantha Pawlucy attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(f) Award any such other relief that is proper and just.

## COUNT II
### Defamation

33. Samantha incorporates by reference the preceding paragraphs in the complaint.

6

34. Gaymon's statements, assertions, and implications that Samantha was a racist and Klu Klux Klan sympathizer were false, defamatory, of and about Samantha and widely disseminated to the public.

35. As a result, Samantha has suffered damages.

WHEREFORE, Samantha Pawlucy, through her parents, Richard and Kristine Pawlucy, respectfully requests that this Court award judgment in their favor and against Defendants for an amount in excess of $75,000, together with attorneys' fees, costs, interest, and punitive damages.

### COUNT III
### False Light

36. Samantha incorporates by reference the preceding paragraphs in the complaint.

37. Gaymon's statements, assertions, and implications that Samantha was a racist and Klu Klux Klan sympathizer cast Samantha in a false light.

38. As a result, Samantha has suffered damages.

WHEREFORE, Samantha Pawlucy, through her parents, Richard and Kristine Pawlucy, respectfully requests that this Court award judgment in their favor and against Defendants for an amount in excess of $75,000, together with attorneys' fees, costs, interest, and punitive damages.

SIGMAN & ZIMOLONG, LLC.

Date: 12/20/12

BY: _____
Walter S. Zimolong, Esquire
wally@sigzim.com
Christopher A. Lins, Esquire
Chris@sigzim.com
1515 Market Street, Suite 1360
Philadelphia, PA 19102
Tele: 215-665-0842/Fax: 215-689-3403
Attorneys for Plaintiff